# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CAROLINE BOYD,

    Plaintiff,

v.                                                  Case No. 3:18-cv-639-J-32PDB

PETCO ANIMAL SUPPLIES STORES,
INC. and CONNIE LEBLANC,

    Defendants.

_____

# **O R D E R**

Has the store manager in a slip and fall case been fraudulently joined to defeat diversity jurisdiction? This personal injury case is before the Court on (1) Defendant Connie LeBlanc's Amended Motion to Dismiss Count II of Plaintiff's Amended Complaint, (Doc. 6), to which Plaintiff Caroline Boyd did not file a response[1]; and (2) Boyd's Motion to Remand to State Court, (Doc. 7), to which Defendants Petco Animal Supplies Stores, Inc. and Connie LeBlanc filed a response, (Doc. 10).

Boyd alleges that on February 16, 2016, she visited Petco, where she slipped and fell on a slick, wet floor in the aquarium section. (Doc. 2 ¶¶ 5-6). On June 23, 2017, Boyd, a Florida citizen, (Doc. 1 at 6), filed a complaint in the Fourth Judicial Circuit

---

[1] The period in which Boyd could have timely responded has passed. Regardless, Court has reviewed the motions and associated papers and can rule on the motion to dismiss without a response from Boyd.

Court In and For Clay County, Florida, (Doc. 1-1), against Petco, a California and Delaware citizen, (Doc. 1 at 5). Petco filed a request for admissions asking Boyd to admit or deny that the amount in controversy exceeded $75,000 (Doc. 1-3), but Boyd objected to any question related to the jurisdictional amount, (Doc. 1-4). Later, Boyd admitted that the amount in controversy exceeds $75,000. (Doc. 1-6). On November 10, 2017, Boyd filed the Amended Complaint, (Doc. 2), adding LeBlanc, the Petco store manager at the time of her slip and fall and a Florida citizen, as a defendant. Boyd alleges that Defendants' negligence led to her injuries.[2]

On May 14, 2018, Petco removed the case under this Court's diversity jurisdiction. (Doc. 1). Petco argues that although Boyd and LeBlanc are both Florida citizens, this Court nevertheless has jurisdiction because Boyd fraudulently joined LeBlanc to defeat diversity jurisdiction.

In determining whether diversity jurisdiction exists, courts must disregard the citizenship of fraudulently joined parties. See Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996). A defendant is fraudulently joined where there is no "reasonable basis" for a claim against it. See Crowe v. Coleman, 113 F.3d 1536, 1542 (11th Cir. 1997) ("For a remand . . . there need only be a reasonable basis for predicting that the state law might impose liability on the facts involved"); Legg v. Wyeth, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) ("The potential for legal liability must be reasonable, not merely theoretical. . . . Surely, as in other instances, reason and

---

[2] Count I alleges negligence against Petco. Count II alleges negligence against LeBlanc. (Doc. 2).

common sense have some role."). The procedure for resolving a fraudulent joinder claim "is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b)." Crowe, 113 F.3d at 1538. The plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties, determine whether the plaintiff has fraudulently joined a resident defendant. Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998); see also Legg, 428 F.3d at 1324 (holding that it is "entirely proper" for the district court to consider affidavits submitted by a defendant). Thus, while courts must evaluate the factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about state substantive law in plaintiff's favor, Crowe, 113 F.3d at 1538, courts may resolve factual controversies in plaintiff's favor "only when there is some question of fact," Legg, 428 F.3d at 1323. When a defendant presents an undisputed affidavit, the court cannot resolve the facts in the plaintiff's favor "based solely on the unsupported allegations in the [plaintiff]'s complaint." Id.

In the Notice of Removal, Petco argues that LeBlanc was fraudulently joined because there is no possibility under Florida law that she could be held individually liable for Boyd's alleged injury. (Doc. 1). In support, Petco submits the Declaration of LeBlanc, in which she denies: that any customer or employee informed her of any defects on the floor at the time of Boyd's accident; having knowledge that the floor had a defect or dangerous condition; being in the area before or at the time of Boyd's accident; seeing or hearing about anyone suffering any injury prior to the incident;

3

and participating in the events leading up to the incident or engaging in tortious conduct. (Doc. 1-9).

In the Motion to Remand, Boyd submits no evidence to dispute LeBlanc's Declaration. (Doc. 7). Instead, Boyd argues that Count II contains "direct and specific allegations of negligence," sufficient to withstand the fraudulent joinder argument. (Id. at 4). She further contends that "once discovery is permitted, the evidence . . . will show that the liquid that caused Ms. Boyd to fall was as a result of employees who failed to clean a wet aisle and failed to properly warn her of same." (Id. at 5). In sum, Boyd asserts that the allegations in the Amended Complaint support that "there is at least a possibility of stating a valid cause of action against Connie LeBlanc in state court." (Id.).

"Florida recognizes a negligence claim against a corporate officer or agent only if he personally participated in the tortious conduct." Accordino v. Wal-Mart Stores E., L.P., No. 3:05CV761J32MCR, 2005 WL 3336503, at *4 (M.D. Fla. Dec. 8, 2005). The necessary elements are:

> (1) the corporation owes a duty of care to the third party, the breach of which has caused the damage for which recovery is sought; (2) the duty is delegated by the principal or employer to the defendant officer; (3) the defendant officer has breached this duty through personal—as opposed to technical or vicarious—fault; and (4) with regard to the personal fault, personal liability cannot be imposed upon the officer simply because of his or her general administrative responsibility for performance of some function of his or her employment. The officer must have a personal duty towards the injured third party, breach of which specifically has caused this party's damages.

4

De Varona v. Disc. Auto Parts, LLC, 860 F. Supp. 2d 1344, 1347 (S.D. Fla. 2012) (citing McElveen v. Peeler, 544 So. 2d 270, 272 (Fla. Dist. Ct. App. 1989)).

Boyd has failed to rebut LeBlanc's denial that she personally breached any duty owed to Boyd. The allegations of negligence in the Amended Complaint against LeBlanc are not specific and direct; rather, they are conclusory. Essentially, Boyd relies on unsupported allegations and speculation that discovery will reveal a possible claim against LeBlanc. See Siciliano v. Target Corp., No. 14-80459-CIV, 2014 WL 12461368, at *2 (S.D. Fla. Aug. 4, 2014) ("Target submitted evidence that [store supervisor] Morrison was not personally involved in the incident and Siciliano has not pointed to any evidence to support her negligence claim against Morrison. Instead, Siciliano relies solely on the allegations in her complaint . . ."). LeBlanc "does not incur personal liability for [the corporation]'s torts merely by reason of [the officer]'s official character." Orlovsky v. Solid Surf, 405 So. 2d 1363, 1364 (Fla. Dist. Ct. App. 1981). For individual liability to attach, a corporate official must have committed or participated in the tort. White v. Wal–Mart Stores, Inc., 918 So. 2d 357, 358 (Fla. Dist. Ct. App. 2005) ("The law is clear to the effect that officers or agents of corporations may be individually liable in tort if they commit or participate in a tort").

Since Boyd has provided no facts demonstrating that LeBlanc played any role in her injuries, the Court finds no reasonable basis for Boyd's claim against LeBlanc. See Pritchard v. Wal-Mart Stores, Inc., No. 809-CV-46-T-24TGW, 2009 WL 580425, at *3 (M.D. Fla. Mar. 5, 2009) ("Plaintiffs have not pointed to any evidence in support of their negligence claims against [store manager] Gunderjahn. As a result, the Court

finds that there is no evidence to support a claim that Gunderjahn was actively negligent, and as such, the Court finds that Gunderjahn is fraudulently joined."). Rather, this appears to be a run of the mill slip and fall case in which the store manager individually has no liability.[3] The Court will dismiss the claim against LeBlanc, leaving complete diversity between the parties. As such, remand is not appropriate.

Accordingly, it is hereby

**ORDERED:**

1. LeBlanc's Amended Motion to Dismiss Count II of Plaintiff's Amended Complaint, (Doc. 6), is **GRANTED**.

2. Count II of the Amended Complaint, (Doc. 2), is **DISMISSED without prejudice**.

3. The Clerk shall terminate Connie LeBlanc as a defendant.

4. Plaintiff Caroline Boyd's Motion to Remand to State Court, (Doc. 7), is **DENIED**.

5. The Court will issue a Case Management and Scheduling Order separately.

**DONE AND ORDERED** in Jacksonville, Florida the 13th day of September, 2018.

---

[3] If discovery were to reveal a basis to sue LeBlanc individually, Boyd could seek leave to join her as a defendant.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record